## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD JAMES MAYCOCK, JR., :

               **Petitioner**   :

               **v.**         :

WARDEN STEPHEN SPAULDING  :

               **Respondent**   :

          **CIVIL ACTION NO. 3:20-2036**

          **(JUDGE MANNION)**

## MEMORANDUM

Petitioner, Edward James Maycock, an inmate formerly confined in the United States Penitentiary, Lewisburg, Pennsylvania,[1] filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 2014 federal sentence imposed by the United States District Court for the District of Maryland. Id. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

## I. Background

On March 20, 2014, Maycock was indicted by a federal grand jury sitting in the United District Court for the District of Maryland for Distribution

---

[1] Plaintiff is currently confined in the Gilmer Federal Correctional Institution, Glenville, West Virginia.

of Child Pornography in violation of 18 U.S.C. §2252(a)(2); for Receipt of Child Pornography in violation of 18 U.S.C. §2252(a)(2); Possession of Child Pornography in violation of 18 U.S.C. §2252A(a)(5)(B); and Forfeiture in violation of 18 U.S.C. §2253. (Doc. 8-1 at 1, Indictment in United States v. Maycock, Case No. 1:14-cr-00133 at 1-9 (D.C. MD).

On December 22, 2014, Maycock entered into an amended plea agreement in which he stipulated to being guilty of Distribution of Child Pornography including the element that the pornography "was shipped or transported in and affecting interstate or foreign commerce by any means, including computer." (Doc. 8-2 Amended Plea Agreement).

On April 10, 2015, the sentencing court issued a judgment after accepting Maycock's guilty plea to count one of the indictment, Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). (Doc. 8-3, Judgment). Maycock was sentenced to sixteen (16) years or 192 months of imprisonment and a term of supervised release for life. Id. Maycock received a criminal monetary penalty assessment of $100.00 as well as being ordered to make restitution of $4,000. Id.

On January 7, 2016, Maycock filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. (Doc. 8-4, docket for United States v. Maycock, Case No. 1:14-cr-00133 at 1-9 (D.C M.D.). Counsel was appointed to

represent him. Id. After supplemental pleadings were filed by both parties and after an evidentiary hearing was scheduled for October 24, 2018, Maycock withdrew his §2255 motion on October 18, 2018. Id.

On November 3, 2020, Maycock filed the instant petition for writ of habeas petition on November 3, 2020, alleging the following:

> [H]e is actually innocent of violating 18 U.S.C Sec. 2252 (a)(2) because in his factual basis for the plea, the Government presented no evidence nor did Maycock ever admit that anyone accessed, viewed, or downloaded files from what he uploaded. Maycock strongly avers that uploading child pornography without anything more, does not amount to Distribution under Sect. 2252 (a)(2).

(Doc. 2, Memo. at 4-5). Maycock further avers that "United States v. Husmann defined 'distribute' in 18 U.S.C. Sect. 2252 (a)(2) to mean 'to apportion, give out, or deliver and that distribution necessarily involves the transfer of materials to another person.'" (Doc. 2 at 5; citing United States v. Husmann, 765 F.3d 169 (3d Cir. 2014).) Maycock argues that because of the decision, his conviction for Distribution of Child Pornography should not stand based on his conduct and that "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." Id.

## II. Discussion

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); see also Russell v. Martinez, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C.§2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a §2255 motion 'is inadequate or ineffective to test the legality of his detention,' ... [he may] resort to §2241 to challenge the validity of the conviction or sentence." See Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); see also 28 U.S.C. §2255(e); Litterio v. Parker, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is

- 4 -

exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.' ").

A motion under §2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Nor is a §2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] §2244 and §2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent §2255 motion in the sentencing court." See Miller v. United States, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), report and recommendation adopted, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020). Moreover, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251). The Third Circuit:

> permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction

under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under §2241, the §2241 petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

In the instant case, the decision of Hussmann was rendered on September 3, 2014, prior to when Maycock signed his Amended Plea Agreement and prior to his sentence hearing, giving Maycock two distinctly different opportunities to address his claims for relief. Previous to this instant habeas petition, Maycock filed a motion to vacate his sentence on January 1, 2016; however, after counsel was appointed to represent him, after supplemental pleadings were filed by both parties, and after an evidentiary hearing was scheduled for October 24, 2018, Maycock withdrew his §2255 motion on October 18, 2018. As such, Maycock has had two opportunities to address his claims for relief and, to date, he has not raised his claims in a direct appeal or a Section 2255 motion.

While Petitioner has not filed a §2255 motion challenging his conviction and sentence, this Court has noted that "[t]he remedy afforded under §2241

- 6 -

is not an additional, alternative, or supplemental remedy to that prescribed under §2255." See Dusenberry v. Oddo, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Likewise, as noted above, "§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Long, 611 F. App'x at 55. Therefore, Petitioner may not rely upon §2241 to raise his claims, and the Court will dismiss his §2241 petition for lack of jurisdiction.

## III. Conclusion

Based on the foregoing, Maycock's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a §2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

_s/ Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  April 25, 2022**
20-2036-01

- 8 -